

**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
WACO DIVISION**

| | | |
|---|---|---|
| E. MATTHEW BURCH,<br>**Plaintiff** | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. W13CA237 |
| CAMBER CORPORATION,<br>**Defendant** | § <br> § <br> § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes plaintiff, **E. Matthew Burch,** an employees of defendant, and files his complaint against **Camber Corporation**, defendant, on behalf of himself and other employees of defendant similarly situated, to recover overtime compensation, liquidated damages, attorney's fees, and costs, under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §216(b)), hereinafter referred to as "the Act" or "the FLSA," respectfully showing as follows.

### I.    Parties

**1.**     Plaintiff E. Matthew Burch is an employee of defendant, who resides in Coryell County, Texas.

**2.**     Defendant Camber Corporation is a foreign corporation authorized to do business in Texas, and is engaged in commerce, as that term is defined by the FLSA. At all times relevant, defendant employed plaintiff and other similarly situated employees out of its office in Bell County, Texas.

## II.    Jurisdiction

**3.**      Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b), and by the provisions of 28 USCS §1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

## III.    Facts

**4.**      During the period from November 2009, to the present time, or during portions of such period, defendant employed plaintiff and others similarly situated in the Training, Technology, and Systems Group.

**5.**      At all times relevant hereto, plaintiff and other similarly situated employees of defendant were covered by the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.,* because of their status as employees of defendant.

**6.**      During the period beginning in November 2009, to the present time, defendant employed plaintiff in the Training, Technology, and Systems Group out of defendant's Killeen, Bell County, Texas office.

**7.**      Plaintiff worked as a small arms repairman attached to defendant's Training, Technology, and Systems Group.

**8.**      Plaintiff is not, and has not been at any time during his employment with defendant, exempt from receiving overtime pay at the rate of time and one-half for each hour worked in excess of 40 hours in a workweek, as provided by the Fair Labor Standards Act.

9.      During his employment with defendant, (1) plaintiff's primary duty was not managing defendant's business or a recognized subdivision or department of defendant; and (2) plaintiff's primary duty was not the performance of office or non-manual work that was directly related to the management or general business operations of defendant or its customers.

10.     Plaintiff's duties and responsibilities have not changed since he began his employment with defendant.

11.     Plaintiff has worked more than 40 hours in certain workweeks during the term of his employment with defendant.

12.     Initially, defendant paid plaintiff time and one-half overtime pay for each hour worked in excess of 40 hours in a workweek.

13.     However, during the period of August 2010, to May 2013, defendant paid plaintiff only his regular pay – or straight time – for each hour worked in excess of 40 hours in a workweek.

14.     During the period of August 2010, to May 2013, defendant did not pay plaintiff the half-time overtime premium for each hour worked in excess of 40 hours in a workweek.

15.     In May 2013, defendant began again to pay plaintiff time and one-half pay for each hour worked in excess of 40 hours in a workweek, as it had prior to August 2010.

16.     Plaintiff was not singled out to receive less than the time and one-half pay

guaranteed by the FLSA.

**17.**     During the period from August 2010, to May 2013, defendant failed and refused to pay plaintiff  and other similarly situated employees a half-time premium for all hours worked in excess of 40 hours during each week in which they worked in excess of 40 hours, in violation of the FLSA.

**18.**     At no time since November 2009, has plaintiff or any other similarly situated employee been a party to a collective bargaining agreement with defendant.

**19.**     Defendant is a "union-free work place."

## IV.     Cause of Action

**20.**     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

**21.**     Plaintiff seeks for himself and others similarly situated the unpaid half-time pay to which they are entitled from defendant during the period of August 2010, to May 2013; liquidated damages; and all other relief available pursuant to the Fair Labor Standards Act.

**22.**     Defendant knew – or showed reckless disregard for whether – its conduct was in violation of the FLSA during the period of August 2010, to May 2013.

**23.**     Defendant's failure to pay plaintiff and other similarly situated employees of defendant during the period of August 2010, to May 2013, was willful.

**24.**     Consequently, plaintiff and other similarly situated employees of defendant are entitled to liquidated damages, in addition to their unpaid half-time pay, for a period

starting three years prior to the filing of this lawsuit.

## V.   Class Certification Pursuant to 29 U.S.C. §216(b)

**25.**    Section 216(b) of 29 U.S.C. provides that plaintiff herein may maintain this action on behalf of himself "and other employees similarly situated."

**26.**    Section 216(b) further provides, however, that no "similarly situated" employee shall be a party plaintiff to any action unless the employee gives his/her consent in writing to become such a party and such consent is filed in the court in which the action is brought.

**27.**    It is alleged that every employee of defendant who has worked in the Training, Technology, and Systems Group in a non-exempt position (as that phrase is defined by the FLSA, not as classified by defendant) at any time on or since August 2010, until May 2013, is similarly situated to plaintiff.

**28.**    Upon submission of declarations by plaintiff and other similarly situated employees, and opportunity for defendant to respond and be heard, plaintiff moves the court:

    (a)    to order this case to proceed as a collective action pursuant to 29 U.S.C. §216(b);

    (b)    to require defendant to supply the names, addresses, telephone numbers, and capacities in which employed of every employee of defendant who has worked in the Training, Technology, and Systems Group of defendant, out of all offices in the United States, during the period of August 1, 2010, to May 31, 2013; and

    (c)    to authorize the mailing of a notice to all putative class members on a form approved by the court that bears the court's authorization.

29.     Upon certification by the Court, this case will then proceed as a collective class action on behalf of plaintiff and all current and former similarly situated employees of defendant who opt-in as a plaintiff.

## VI.     Attorney's Fees

30.     In order to protect his interests and rights guaranteed by the laws of the United States, it was necessary that plaintiff secure the services of the law firm of Cullar & McLeod, L.L.P., licensed attorneys, to prepare and prosecute this suit. Plaintiff further seeks, upon final order of this Court, an equitable and just award of costs and reasonable and necessary attorney's fees for the representation by the above-referenced attorneys in the District Court, as well as a contingent award for costs and reasonable and necessary attorneys' fees in the event the judgment of the District Court is appealed.

## VII.     Jury Demand

31.     Plaintiff seeks a trial by jury on any fact issues to be determined herein.

## VIII.     Prayer

32.     WHEREFORE, plaintiff prays that judgment be entered herein against defendant in the amounts respectively due plaintiff and other employees of defendant similarly situated for the unpaid half-time compensation owed to each, and liquidated damages, and costs under the provisions of the Fair Labor Standards Act of 1938, as amended, and that this Court also award a reasonable attorney's fee to be paid by defendant to plaintiff's attorney.

Respectfully submitted,

**CULLAR & McLEOD, L.L.P.**
Baylor Tower
801 Washington Avenue, Suite. 500
Waco, Texas  76701
Phone: (254) 753-1991
Fax: (254) 753-0244
Email: jcullar@hot.rr.com


By:   _____
    **R. JOHN CULLAR**
    STATE BAR NUMBER 05208400

ATTORNEYS FOR PLAINTIFF