## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| E. MATTHEW BURCH, Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-cv-00237 |
| v. | ) ) | |
| CAMBER CORPORATION, | ) ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS COLLECTIVE ACTION

Defendant Camber Corporation submits the following motion to dismiss plaintiff's collective action allegations pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the collective action allegations are now moot because the only party plaintiff has accepted all relief to which he is even arguably entitled, as an individual, under the law. Because his individual claims have been satisfied, he no longer has standing to pursue a collective action under the Fair Labor Standards Act. In connection with this motion, Camber submits the following argument and also attaches an Appendix hereto containing evidentiary support.

### I.        FACTUAL AND PROCEDURAL BACKGROUND

This Fair Labor Standards Act ("FLSA") lawsuit was commenced by Plaintiff E. Matthew Burch by the filing of a complaint with this court on August 1, 2013

(Doc. 1).  Plaintiff Burch's complaint indicates that he sues "on behalf of himself and other employees of defendant similarly situated, to recover overtime compensation, liquidated damages, attorney's fees, and costs," under the FLSA.  (Id. at 1).  The complaint goes on to allege that Plaintiff Burch and other similarly situated employees were employed by Camber as small arms repairmen, and did not perform duties or possess qualifications of a nature sufficient to render them exempt from the coverage of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  (Id. at ¶¶ 7-10).

The complaint alleges that "during the period of August 2010, to May 2013, defendant paid plaintiff only his regular pay — or straight time — for each hour worked in excess of 40 hours in a workweek."  (Id. at ¶¶ 13). The complaint then concludes that as a result of the foregoing allegations, and during the above-referenced time period, "defendant failed and refused to pay plaintiff and other similarly situated employees a half-time premium for all hours worked in excess of 40 hours during each week in which they worked in excess of 40 hours, in violation of the FLSA."  (Id. at ¶ 17).  Accordingly, the complaint is pled as a putative collective action under 29 U.S.C. § 216(b).  However, as of this date, no notices of consent to join the lawsuit have been filed.

On or about August 20, 2013, Camber submitted to counsel for Plaintiff Burch an offer of judgment in which it unconditionally offered to pay Burch **$16,000** which

is greater than the amount Burch apparently claims entitlement.  (Notice of Acceptance of Offer, Exhibit 1 at ¶ 1).  This offer of judgment *also* included a stipulation that Camber, while not admitting any liability, would pay all reasonable attorneys' fees and costs that would be provided by law, in an amount to be determined by the court after a motion seeking such amounts has been filed, briefed, and argued by the parties — including any time spent litigating the reasonableness of the fees.  (Id. at ¶ 2).

On August 28, 2013, Burch accepted Camber's Rule 68 Offer of Judgment. (Notice of Acceptance of Offer).

## II.   SUMMARY OF ARGUMENT AND RELIEF REQUESTED

Camber Corporation seeks dismissal of Burch's collective action allegations because those allegations are now moot under Article III of the United States Constitution.  The sole plaintiff in this case has received and accepted an offer of judgment designed to provide him full and complete compensation for any claims he has raised as an individual, regardless of whether those claims are correct as a matter of law.[1]  Accordingly, Camber has attached proof of the offer made and its acceptance by Burch, and has therefore mounted a factual attack on this court's jurisdiction based

---

[1] Camber does not admit liability but rather has utilized the offer of judgment scheme provided by Fed. R. Civ. P. 68 to resolve this matter without further dispute as to potential liability. Camber does not waive any arguments it may have as to the substantive merits of the claims.

upon the principle of mootness.  Camber is therefore entitled to dismissal of the

collective action allegations without further delay.

### III.      ARGUMENT AND AUTHORITIES

**A.      Standard of Review**

      This motion, filed pursuant to Fed. R. Civ. P. 12(b)(1), constitutes a factual

attack on this court's subject matter jurisdiction on grounds of mootness.  Mootness

is a principle deriving from Article III of the United States Constitution.  Under

Article III, "an actual controversy must be extant at all stages of review, not merely

at the time the complaint is filed."  Genesis Healthcare Corp. v. Symczyk, ___ U.S.

___, 133 S.Ct. 1523, 1528 (Apr. 16, 2013) (quotations omitted).  The Supreme Court

has held that "[i]f an intervening circumstance deprives the plaintiff of a 'personal

stake in the outcome of the lawsuit,' at any point during litigation, the action can no

longer proceed and must be dismissed as moot."  Id. (quoting Lewis v. Continental

Bank Corp., 494 U.S. 472, 477-78, 110 S.Ct. 1249 (1990)).

      One way to demonstrate mootness by way of showing that the plaintiff lacks

a personal stake in the outcome of the case is through a factual attack on the court's

jurisdiction.  "A 'factual attack' . . .  challenges the existence of subject matter

jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings,

such as testimony and affidavits, are considered."  Menchaca v. Chrysler Credit

Corp., 613 F.2d 507, 511 (5th Cir. 1980).  "A factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist."  Arena v. Graybar Elec. Co., 669 F.3d 214, 223 (5th Cir. 2012) (quotations omitted).  "When a defendant makes a 'factual' attack on a court's subject-matter jurisdiction, the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  Id. (quotations omitted).

**B.    Plaintiff's Collective Action Allegations Are Moot**

A review of the law and the factual background in this case establishes clearly that the collective action claims of the sole plaintiff is moot.  On August 20, 2013, Plaintiff Burch received an offer of judgment providing him the opportunity to obtain full relief in this case, including specifically a *judgment* against Camber Corporation for all relief claimed in his complaint, and all relief *available* under the Fair Labor Standards Act.  (Notice of Acceptance of Offer, Exhibit 1).  On August 28, 2013, Burch accepted Camber's Offer. (Notice of Acceptance of Offer).

The FLSA provides that employees who are not exempt from its requirements must receive compensation for all hours worked during a given workweek in excess of 40 at a rate of time-and-one-half their hourly rate.  29 U.S.C. § 207(a)(1).  If a covered employer fails to pay a non-exempt employee in accordance with this requirement, the law provides for recovery of the unpaid overtime compensation, plus

liquidated damages equal to the amount of the unpaid overtime, attorneys' fees, and costs. 29 U.S.C. § 216(b). Here, Camber has offered more than just the back wage amounts and liquidated damages to which Burch could arguably claim entitlement. (Notice of Acceptance of Offer, Exhibit ¶ 1).

Moreover, the offer of judgment *also* included a stipulation that Camber, while not admitting any liability, would pay all reasonable attorneys' fees, costs, and prejudgment interest that would be provided by law, incurred through the date of the offer of judgment, in an amount to be determined by the court after a motion seeking such amounts has been filed, briefed, and argued by the parties. (Id. at ¶ 2). And by its very nature, the offer was an offer of *judgment*, meaning that the plaintiff would literally receive the same relief he could have obtained after a trial on the merits. (Id. at ¶¶ 1-6).

Given the foregoing and in light of Burch's acceptance of Camber's Offer of Judgment, there is no doubt that the remaining collective action allegations in this action are moot. The Fifth Circuit Court of Appeals has squarely held that where a plaintiff in a putative FLSA collective action receives an offer of judgment sufficient to fully satisfy the plaintiff's individual claims, that plaintiff's claims become moot under Article III of the United States Constitution, depriving the court of a case or controversy to adjudicate. Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 919 (5th

Cir. 2008) (holding that an individual plaintiff's claims were rendered moot because "when Cingular made its offer of judgment, Sandoz represented only herself, and the offer of judgment fully satisfied her individual claims.").[2] Furthermore, <u>Sandoz</u> holds that in such a circumstance, the *entire* collective action becomes moot, "because, unlike in a Rule 23 class action, in a FLSA collective action the plaintiff represents only him- or herself until similarly-situated employees opt in." <u>Id</u>.

District courts within the Fifth Circuit have consistently interpreted the <u>Sandoz</u> case as standing for the proposition that "[u]nder Rule 68, an offer of complete relief will generally moot the plaintiff's claim because the plaintiff no longer has a personal interest in the outcome of the litigation." <u>Jones v. SuperMedia Inc.</u>, 281 F.R.D. 282, 286 (N.D. Tex. 2012); <u>Mabary v. Hometown Bank, N.A.</u>, 276 F.R.D. 196, 201 (S.D. Tex. 2011) ("An offer of complete relief will generally moot a plaintiff's claim, as at that point she no longer retains a personal interest in the outcome of the litigation.

---

[2] This conclusion is consistent with that reached by several other federal circuit courts of appeal. The Third, Fourth, Seventh and Eleventh Circuits have all held that a complete offer of judgment to the plaintiff moots the plaintiffs claim. See <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 340 (3d Cir. 2004) ("An offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation.); <u>Simmons v. United Mortg. and Loan Inv.</u>, L.L.C., 634 F.3d 754, (4th Cir. 2011) ("A case can become moot either due to a change in factual circumstances, or due to a change in the law. . . . Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim.") <u>Damasco v. Clearwire Corp.</u>, 662 F.3d 891, 895 (7th Cir. 2011) ("[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake."); <u>Zinni v. ER Solutions, Inc.</u>, 692 F.3d 1162, 1166 (11th Cir. 2012) ("Offers for the full relief requested have been found to moot a claim.").

. . . Indeed, even an unaccepted offer of full relief may moot a plaintiff's claim.").

Of course, *after* deciding that an offer of judgment for full relief rendered the plaintiff's claim moot, the Court in <u>Sandoz</u> went on to create a special exception to this mootness principle for FLSA collective actions that have not yet reached the certification stage. <u>Id</u>. at 920-21. This exception permitted an FLSA plaintiff whose claims have become moot to subsequently file a motion for certification that, if filed, will relate back to the date the plaintiff filed the initial complaint. <u>Id</u>. In creating this exception, the <u>Sandoz</u> court relied upon three decisions of the United States Supreme Court, <u>Sosna v. Iowa</u>, 419 U.S. 393 (1975), <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388 (1980), and <u>Deposit Guaranty Nat. Bank v. Roper</u>, 445 U.S. 326 (1980).

Critically, however, *this portion* of the <u>Sandoz</u> holding — this special exception for FLSA collective actions — was recently abrogated by the United States Supreme Court in <u>Genesis Healthcare Corp. v. Symczyk</u>, ___ U.S. ___, 133 S.Ct. 1523, 1532 (Apr. 16, 2013). In <u>Genesis</u>, the Third Circuit had reached precisely the same holding as the Fifth Circuit reached in <u>Sandoz</u> — *i.e.*, that in an FLSA collective action, an offer of full relief to the lead plaintiff will render the plaintiff's claims moot, but that a special exception should be created to permit conditional certification so as to save the claims of any plaintiffs who might later opt-in from mootness.

-8-

Genesis, ___ U.S. ___, 133 S.Ct. at 1527-28.   In Genesis, the Supreme Court examined the same three decisions relied upon by the Fifth Circuit in Sandoz — Sosna, Geraghty, and Roper — and found them to be distinguishable.   The Supreme Court held that "these cases are inapposite, both because Rule 23 actions are fundamentally different from collective actions under the FLSA, and because these cases are, by their own terms, inapplicable to these facts."   Genesis, ___ U.S. ___, 133 S.Ct. at 1529.   Accordingly, the Supreme Court held that "this action was appropriately dismissed as moot."   Id.

In reaching this holding, the Supreme Court effectively overruled that portion of the Sandoz opinion that permits the special exception for collective actions, and in fact held that nothing about the nature of an FLSA collective action requires (or even permits) any sort of special mootness exception.   Id. at 1529 ("We turn, then, to the question whether respondent's action remained justiciable based on the collective-action allegations in her complaint.   A straightforward application of well-settled mootness principles compels our answer.   In the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot.").   The Court also directly held that a lead plaintiff in an FLSA collective action "has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness."   Id. at 1532.   This

means that the only still-applicable portion of the <u>Sandoz</u> opinion is the portion recognizing the mootness of a plaintiff's FLSA collective action claim after the plaintiff has received or failed to accept a full offer of judgment from the defendant.

Therefore, applying <u>Sandoz</u> and <u>Genesis</u> together, the law is now that an offer of judgment which fully satisfies the claims of all plaintiffs who have actually appeared in the suit renders *the entire suit* moot, and the court lacks the authority to permit any further proceedings, collective action or otherwise. In this case, Burch has received and accepted an offer of judgment for not only everything he has demanded in his complaint, but *more* than what he demanded. As a result, Burch does not have the requisite personal stake to bring his collective action allegations, and therefore, Burch's collective action allegations must be dismissed immediately.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, the collective action allegations of Plaintiff Burch are moot. Because the claims of the only named plaintiff have been satisfied by a complete offer of judgment, he "has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve [the] suit from mootness." <u>Genesis</u>, ___ U.S. ___, 133 S.Ct. 1523, 1532 (Apr. 16, 2013). Plaintiff's collective action allegations, therefore, must be dismissed as moot.

Respectfully Submitted,

s/ Michael W. Fox
Michael W. Fox

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
Telephone: 512-344-4711
Fax: 512-344-4701
michael.fox@ogletreedeakins.com

s/ J.R. Brooks
J.R. Brooks

s/ David J. Canupp
David J. Canupp

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue,  Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: djc@lanierford.com & jrb@lanierford.com

Attorneys for Defendant Camber Corporation

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

> R. John Cullar
> Cullar & McLeod
> Baylor Tower
> 801 Washington, Suite 500
> Waco, Texas 76701
> jcullar@hot.rr.com

on this the 29th day of August, 2013.

s/ David J. Canupp
David J. Canupp
