IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| E. MATTHEW BURCH, Individually And On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>CAMBER CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 13-cv-00237<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY IN SUPPORT OF**
**<u>MOTION TO DISMISS COLLECTIVE ACTION ALLEGATIONS</u>**

Defendant Camber Corporation submits the following reply in support of its motion to dismiss plaintiff's collective action allegations pursuant to Federal Rule of Civil Procedure 12(b)(1):

1.      On August 29, 2013, Camber filed a motion to dismiss directed solely to the collective action allegations contained within the complaint in this case. (Doc. 9).  This motion to dismiss was based upon the fact that prior to the filing of the motion to dismiss, plaintiff E. Matthew Burch had both received and accepted an offer of judgment for all relief owing in this case.  That offer was received and accepted, thus mooting his individual claim, prior to any opt-ins joining in the putative collective action.

2. Accordingly, Camber's motion to dismiss argues that under Fifth Circuit and U.S. Supreme Court precedent, the *putative collective action* itself has become moot. See Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 919 (5th Cir. 2008) (holding that an individual plaintiff's claims were rendered moot because "when Cingular made its offer of judgment, Sandoz represented only herself, and the offer of judgment fully satisfied her individual claims."); Genesis Healthcare Corp. v. Symczyk, ___ U.S. ___, 133 S.Ct. 1523, 1529 (Apr. 16, 2013) ("In the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot.").

3. In response to Camber's motion to dismiss, plaintiff attempts to reinforce the fact that judgment is due to be entered in his favor in accordance with the offer of judgment. (Doc. 11). Camber has no quarrel with this proposition. Camber's point in moving to dismiss is that the *collective action allegations* cannot form the basis for any relief to any putative opt-in and that this action is no longer a viable *collective action*.

4. Prior to filing this reply, Camber's counsel discussed this point with plaintiff's counsel to ensure there was no confusion. Camber can now represent to the Court that the parties are in agreement as to this issue: it is undisputed that the

collective action allegations are due to be dismissed as moot and that judgment is to be entered only on behalf of Mr. Burch.

5. The offer of judgment that has been accepted provides that certain fees and costs are to be determined by the Court if the parties cannot otherwise agree. The parties are in discussions of those matters in good faith and will report to the Court on same as soon as practicable.

                                     Respectfully Submitted,

                                     s/ Michael W. Fox
                                     Michael W. Fox

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
Telephone: 512-344-4711 / Fax: 512-344-4701
michael.fox@ogletreedeakins.com

                                     s/ J.R. Brooks
                                     J.R. Brooks

                                     s/ David J. Canupp
                                     David J. Canupp

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: djc@lanierford.com & jrb@lanierford.com

Attorneys for Defendant Camber Corporation

## **CERTIFICATE OF SERVICE**

      I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

>R. John Cullar
>Cullar & McLeod
>Baylor Tower
>801 Washington, Suite 500
>Waco, Texas 76701
>jcullar@hot.rr.com

on this the 18th day of September, 2013.

                                                        s/ David J. Canupp
                                                        David J. Canupp